**FILED**

APR 2 8 2016

JULIE RICHARDS JOHNSTON, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

### EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD A. WYNNE, JR., | ) | |
| Plaintiff, Pro Se, | ) | |
| v. | ) | NO. 4:16-CV-54-FL |
| MITCHELL SCHELINDER, LORI PITTMAN, | ) | |
| TONY RIVERA, DAVID FOWLER AND | | COMPLAINT |
| TOWN OF CAPE CARTERET, NORTH CAROLINA, | ) | |
| Defendants. | ) | DEMAND FOR JURY TRIAL |

#### JURISDICTION

1.   This is an action to redress the deprivation by the Defendants of the rights secured to the Plaintiff by the Constitution and laws of the United States and the State of North Carolina.   The Defendants arrested the Plaintiff unlawfully, without a warrant and without probable cause, to punish the Plaintiff for exercising his right to free speech.   In the course of the arrest, the Defendants used unreasonable force against the Plaintiff.

2.   Jurisdiction of this court is invoked under provisions of 28 United States Code § 1331, 28 United States Code § 1343, 28 United States Code § 1367 and 42 United States Code § 1983, 42 United States Code § 1985, 42 United States Code § 1988.

#### VENUE

3.   The Plaintiff, Richard A. Wynne, Jr., now resides in San Diego, San Diego County, California.

4. During all times mentioned on this Complaint, the Plaintiff was an adult citizen of the United States residing in Cape Carteret, North Carolina.

5. During all times mentioned in this Complaint, the Defendant, Mitchell Schelinder, was a duly appointed officer in the police department of Cape Carteret, North Carolina, acting in his official capacity. He is sued, however, in both his official and individual capacity.

6. During all times mentioned in this Complaint, the Defendant, Lori Pittman, was a duly appointed sheriff's deputy, acting in her official capacity. She is sued, however, in both her official and individual capacity.

7. During all times mentioned in this Complaint, the Defendant, Tony Rivera, was the duly appointed Chief of Police in the police department of Cape Carteret, North Carolina, acting in his official capacity. He is sued, however, in both his official and individual capacity.

8. During all times mentioned in this Complaint, the Defendant, David Fowler, was the duly elected mayor of Cape Carteret, North Carolina, acting in his official capacity. He is sued however, in both his official and individual capacity.

9. The Town of Cape Carteret is a municipal corporation incorporated pursuant to the public and private laws of North Carolina.

10. The town of Cape Carteret has waived any claims of governmental immunity for the purposes of this action by acting in accordance with N.C. Gen. Stat. § 160A-485.

11. During all times mentioned in this Complaint, the Defendants were acting under color of law, that is, under color of the constitution, statues, laws, charter, ordinances, rules, regulations customs and usages of the State of North Carolina, the town of Cape Carteret, and the county of Carteret County.

12. During all times mentioned in this Complaint, the Defendants acted jointly and in concert with each other. Each Defendant had the duty to protect the Plaintiff from the unlawful actions of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiff's injuries.

STATEMENT OF THE FACTS

13. At approximately 7:30 p.m. on May 5, 2013 the Plaintiff was walking for exercise on the sidewalk that runs along the south side of US Highway 24 in Cedar Point, North Carolina.

14. Defendant Schelinder drove a Cape Carteret, North Carolina police cruiser into Cedar Point, North Carolina, pulled into the construction site of what was to become the new Sound Bank, stopped the Plaintiff by standing in Plaintiff's path and asked if the Plaintiff had identification.

15. The Plaintiff attempted to exercise his right to free speech under the First and Fourteenth Amendments to the United States Constitution by asking if Defendant Schelinder was investigating a real case. When Defendant Schelinder said he was, the Plaintiff agreed to turnover his identification, but also attempted to exercise his right to free speech and redress of grievances by pointing out that under North Carolina law he did not have to do so.

16. Defendant Schelinder was obviously taken aback by the Plaintiff's response. Defendant Schelinder asked if the Plaintiff had punched a vehicle. The Plaintiff said no.

17. During this exchange a Carteret County sheriff's deputy – on information and belief, Defendant Lori Pittman – pulled into the construction site of what was to become the new Sound Bank and stood outside her Carteret County sheriff's department squad car approximately ten feet from Defendant Schelinder and the Plaintiff.

18. Defendant Schelinder stated that two witnesses had described someone with long hair, white shirt, and black pants as having argued with one of the witnesses and punched a vehicle.

Defendant Schelinder stated he was going to take the Plaintiff's identification back to the location of the witnesses in Cape Carteret, North Carolina ask them if the Plaintiff's identification showed the suspect who had punched the vehicle.

19. Defendant Pittman forcefully and rudely ordered the Plaintiff to sit in the dirt.

20. The Plaintiff stated forcefully that he would not sit down and that Defendant Schelinder had just stated that the Defendants did not have any evidence.

21. Defendant Schelinder became obviously exasperated, entered his Cape Carteret, North Carolina police patrol car and drove east towards Cape Carteret, North Carolina.

22. Defendant Schelinder returned approximately five minutes later and responded to the Plaintiff's exercise of his First and Fourteenth Amendment rights by arresting the Plaintiff on a charge of Criminal Damage to Property (Vandalism).

23. The said arrest was made to punish the Plaintiff for exercising his rights to free speech and petition for redress of grievances, the exercise of which rights is assured to the Plaintiff by the First and Fourteenth Amendments to the United States Constitution. The Plaintiff committed no crime and Defendant Schelinder knew or should have known that the Plaintiff had committed no crime. Defendant Schelinder knew he did not have a warrant or probable cause for an arrest.

24. Defendant Pittman knew she had a duty to protect the Plaintiff from police misconduct, knew the standard for misdemeanor arrest under North Carolina law had not been met in this case and knew Schelinder did not have a warrant or probable cause for an arrest, but entered into a conspiracy to allow Schelinder to arrest the Plaintiff without warrant and without probable cause.

25. Defendant Schelinder thereupon assaulted the Plaintiff, handcuffing him and causing real and significant pain.

26. Defendant Schelinder caused the Plaintiff to be unlawfully detained without warrant or probable cause for approximately one hour while Defendant Schelinder drove the Plaintiff to the location of the purported witnesses, spoke with the witnesses and then completed notes, paperwork and reports.

27. Defendant Schelinder refused the Plaintiff's request that Defendant Schelinder gather the physical evidence surrounding this case, such evidence as the broken mirror housing and broken glass. Plaintiff also made Defendant Schelinder aware that the security video of businesses along US Highway 24 in Cape Carteret, North Carolina could be used of prove the Plaintiff was not guilty of this or any crime.

28. Defendant Schelinder thereupon caused the Plaintiff to be held in the Carteret County jail under a $500 bond. A bond that Defendant Schelinder knew was not related to any crime, and a bond that Defendant Schlelinder knew was not related to any acts for which Defendant Schelinder had a warrant or probable cause to effect an arrest.

29. The bond placed upon the Plaintiff was excessive and unreasonable and was not intended to assure the Plaintiff would appear in court to answer the criminal charges lodged against him by the Defendants. Rather, the bond was designed to further punish the Plaintiff for his actions as described above.

30. Defendant Schlelinder thereupon prepared a false police report, which he knew and intended would be used by the prosecuting attorney and relied upon by the prosecuting attorney in deciding whether to prosecute the Plaintiff and, if so, the manner in which the Plaintiff's prosecution should be handled. In preparing the said police report, Defendant Schelinder acted maliciously and willfully.

31. As direct and proximate result of the acts and omissions of the Defendants herein described, the Plaintiff was incarcerated for a period of approximately four hours, was required to spend money to obtain bail to purchase his freedom, was required to inconvenience his handicapped, elderly parents to bring him bail and provide him a ride home after midnight from jail, was required to appear in North Carolina District Court on several occasions as an accused criminal, was required to spend money to retain the services of lawyers to defend him against the said false charges, was caused to suffer pain, was caused great mental and emotional pain and anguish and suffering, suffered extreme economic loss, and has been chilled in his exercise of his rights to freedom of speech and to petition for redress of grievances under the First and Fourteenth Amendments to the United States Constitution, and in addition has suffered the loss of all the constitutional rights described herein.

32. On September 24, 2013, the said criminal charge was dismissed by a judge of the North Carolina District Court when the sole purported witness, who appeared due to a subpoena from the prosecutor, refused to testify against the Plaintiff.

33. In the matter described herein, the Defendants acted with reckless disregard of the Plaintiff's constitutional rights.

34. The Defendants knew or should have known that their actions would or probably would inflict extreme emotional distress upon the Plaintiff.

35. The actions of the Defendants described above were extreme and outrageous.

36. In the manner described herein, the Defendants deprived the Plaintiff of his rights to freedom of speech, freedom to petition for redress of grievances, freedom from conspiracy to interfere with civil rights, freedom from unreasonable arrest, freedom from warrantless arrest, freedom from arrest without probable cause, freedom from unreasonable or excessive bail bond, freedom from use of unreasonable force by a police officer, freedom from malicious prosecution and

due process of law. All of these rights are secured to the Plaintiff by the provisions of the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and by 42 United States Code § 1983, 42 United States Code § 1985 and 42 United States Code § 1988.

37. In the manner described herein, the Defendants deprived the Plaintiff of his rights to be free from kidnapping and the lesser included crime of false arrest, assault and battery, the setting of bail not reasonably related to his appearance in court, false imprisonment, abuse of power, abuse of process, malicious prosecution, defamation, slander and/or libel, intentional infliction of emotional distress and criminal and civil conspiracy. All these rights are secured to the Plaintiff by the provisions of North Carolina law which are invoked under the supplementary jurisdiction of this court.

38. The actions and conduct of the Defendant Schelinder, in subjecting the Plaintiff to an unlawful battery, falsely imprisoning the Plaintiff, kidnapping and falsely arresting the Plaintiff, conspiring against the constitutional rights of the Plaintiff, defaming, slandering and/or libeling the Plaintiff were all done by said Defendant acting within the line of his duties as a police officer of the Town of Cape Carteret, North Carolina, and exercising the color of his office and the functions of his employment as a police officer. Accordingly, the Town of Cape Carteret, as principal and employer of the Defendant Schelinder, has vicariously and through policy, charter, ordinances, rules regulations, customs and usages caused damage to the Plaintiff as a direct and proximate result of the battery, false imprisonment and kidnapping and false arrest of the Plaintiff as alleged and set forth above in this Complaint.

39. This is an action in which the Defendants Mitchell Schelinder and Lori Pittman are subject to arrest pursuant to N.C. Gen. Stat. § 1-410 in that the conduct of the Defendants Mitchell Schelinder and Lori Pittman, causing injury to the person or character of the Plaintiff, Richard A. Wynne, Jr., was done willfully, wantonly, or maliciously. The Plaintiff is entitled to judgment against the person of the Defendants Mitchell Schelinder and Lori Pittman, pursuant to N.C. Gen. Stat. § 1-311.

## DEMAND FOR JURY TRIAL

40. Plaintiff hereby requests a jury trial on all issues raised in this complaint.

WHEREFORE, the Plaintiff claims judgment against the Defendants and each of them;

A.   That Plaintiff have and recover of the Defendants, Mitchell Schelinder, Lori Pittman, Tony Rivera, David Fowler and the Town of Cape Carteret, North Carolina, compensatory damage in the amount of Three Hundred Fifty Thousand Five Hundred and 00/100 ($350,500.00) Dollars.

B.   That the Plaintiff have and recover of the Defendants, Mitchell Schelinder, Lori Pittman, Tony Rivera and David Fowler, significant punitive damages as the finders of fact my deem appropriate.

C.   That the Plaintiff have and recover judgment against the person of the Defendants Mitchell Schelinder and Lori Pittman, pursuant to North Carolina General Statute § 1-311 and North Carolina General Statute § 1-410.

D.   That the costs of this action, including prejudgment interest and attorney's fees, be taxed against the Defendants.

E.   For such other and further relief as the Court may deem just and proper.

DATED:  April 25, 2016

Richard A. Wynne Jr.
P. O. Box 371061
San Diego, CA 92137-1061
(888) 458-1589
Plaintiff in Pro Per